## Trough's Estate.   Taylor & Co.'s Appeal.

75  115
194  422

75  115
199  614

75    115
d 22 SC ²597

1. Trough effected a life-insurance, being solvent;—in consideration of $1 and love and affection for his children he executed under seal an assignment of the policy to Hicks in trust for them ; put the policy and assignment into an envelope, addressed "John W. Hicks, Plumber, 2d St., &c.—Please send this to him at my death, H. Trough," and placed the envelope in a safe of his own firm. He paid the premiums till his death seven years after the assignment ;—but never communicated the transaction to Hicks, who knew nothing of it till after his death. *Held,* that the assignment was invalid for want of delivery and the proceeds belonged to Trough's estate.

2. A gift of a chose in action or chattel cannot be made by words *in futuro* or words *in præsenti* unaccompanied by delivery.

3. Where the donor retains the control of a voluntary bond or chose in action given or assigned ; he may cancel or destroy it.

4. If the determining act be *in fieri* the intention to deliver does not execute the gift.

5. The assignment being without valuable consideration was not a contract or trust which could be enforced.

6. A seal does not import a consideration, if the instrument be not delivered.

January 12th 1874.   Before AGNEW, C. J., MERCUR and GORDON, JJ.   SHARSWOOD, J., at Nisi Prius.

[Trough's Estate.]

Appeal from the Orphans' Court of *Philadelphia:* In the estate of Henry R. Trough, deceased: No. 204, to January Term 1872.

The appeal in this case was taken by N. & G. Taylor & Co., creditors of the decedent, from the decree of the Orphans' Court distributing the balance of his estate in the hands of William H. West, his administrator, the only question being as to the appropriation of the proceeds of an insurance on the life of the decedent. He died August 1st 1868, leaving a widow and five children, three of whom were by a former marriage.

The distribution was referred to Daniel Dougherty, Esq., as auditor, who found amongst other things as follows:

" The decedent had effected an insurance on his life with the Royal Insurance Company of Liverpool for $3000. After he had obtained the policy he executed the following assignment, dated May 17th 1861:

" ' Know all men by these presents, that I, Henry Trough, of, &c., the assured in a certain policy of life insurance of ' The Royal Insurance Company of Liverpool,' No. 4582, for three thousand dollars, in consideration of one dollar to me in hand paid by John W. Hicks, which is hereby acknowledged, and for the further consideration of natural love and affection for my several children, hereinafter named as *cestui que trusts*—have, and hereby do assign, transfer and set over unto the said John W. Hicks, &c., all that the aforesaid policy, and the said three thousand dollars secured thereby, to have and to hold the same to the said John W. Hicks, his heirs for ever, in trust, however, for the separate use and benefit of my three children, begotten in my first marriage, to wit, Emma J. Trough, Sarah E. Trough, and Harry C. Trough, in equal shares and proportions, provided my said children shall survive me, and in case of the death of either of the said children before me, their share or part shall be equally divided between the survivors, and I hereby direct that the said money shall be invested by the said John W. Hicks in safe securities, for my said children, and the interest to be used for their maintenance and education, until they shall have married or reach the age of twenty-one years, when I direct that their shares or proportion of the principal shall be paid to them, or the survivors or survivor of them. And in case all of my said children shall die before marriage, or before reaching the age of twenty-one years, then I direct the said trustee to pay the said sum, and the interest accumulating thereon, in equal proportions, to such children by my second marriage as shall survive me, share and share alike, when they shall marry or respectively reach the ages of twenty-one years.'

" This assignment and the policy of insurance were then placed in an envelope, and the envelope deposited by Mr. Trough in the fire-proof safe of the firm of which he was a member. On the outside

[Trough's Estate.]

of the envelope, in the handwriting of decedent, was written in large letters, the following:—

" ' JOHN W. HICKS, plumber, Second street, above Almond, east side. Please send this to him at my death.·　　　H. TROUGH.'

"After his death the policy of insurance was taken from the envelope, while the same was in the custody of the surviving member of the firm, by the accountant, who collected from the insurance company the amount of said policy. On the payment of the policy, it was surrendered to the agent of the company here in Philadelphia, who, it is stated, has sent it to England."

It was agreed that the premiums were paid by Mr. Trough, and that Mr. Hicks, the assignee, did not know of the assignment of the policy until after the death of Mr. Trough. At the date of assignment Mr. Trough was solvent.

The auditor reported that the assignment was invalid for want of delivery to the assignee in the decedent's lifetime.

He therefore distributed $2343.61 of the balance ($2646.43) in the administrator's hands amongst the creditors of the decedent, N. & G. Taylor & Co., the appellants, being amongst them; the remainder amongst his widow and children.

Hicks, the trustee, excepted to the report, that the auditor had not awarded the proceeds of the policy to him, by virtue of the assignment.

The Orphans' Court (Allison, P. J.) sustained the exception and awarded the proceeds of the policy to Hicks.

N. & G. Taylor & Co. appealed to the Supreme Court, and assigned the decree for error.

*P. H. Law* (with whom was *H. E. Hayward*), for the appellants.—Delivery is essential, although the deed be signed and sealed : Co. Litt. 356. A gift of a chose in action cannot be made by words *in futuro :* Campbell's Est., 7 Barr 100 : Grant *v.* Levan, 4 Id. 393; Withers *v.* Weaver, 10 Id. 391; Critchfield *v.* Critchfield, 12 Harris 100; Kidder *v.* Kidder, 9 Casey 268; Lonsdale's Estate, 5 Id. 408; Pringle *v.* Pringle, 9 P. F. Smith 286.

*D. W. Sellers* (with whom was *W. F. Johnson*), for appellee.

The opinion of the court was delivered, February 2d 1874, by

MERCUR, J.—The correctness of the decree made by the court below depends upon the solution of two questions. They are :

1. Was there a gift executed ? If not,

2. Was a valid trust created ?

To constitute a gift, it must have been consummated by delivery. It cannot be made by words *in futuro,* or by words *in præsenti* unaccompanied by such a delivery of the possession as makes the

[Trough's Estate.]

disposal of the thing irrevocable: In re Campbell's Estate, 7 Barr 100; Withers v. Weaver, 10 Barr 391; Kidder v. Kidder et al., 9 Casey 268; Linsenbigler v. Gourley, 6 P. F. Smith 166; Pringle v. Pringle, 9 P. F. Smith 281.   Where the donor retains the control of a voluntary bond or any chose in action given or assigned, he retains control over the gift, and may cancel or destroy it.   The seal to a voluntary assignment will not estop the assignor until delivery, or what is equivalent to it: Pringle v. Pringle, *supra.* Where the determining act remains *in fieri*, the intention to deliver does not execute the gift: Crawford's Appeal, 11 P. F. Smith 52.

What is the evidence of a delivery of the assignment?   After Trough had executed it, he placed it together with the policy in a sealed envelope.   Upon the outside thereof, he wrote the name of the assignee, with his occupation and residence, adding " please send this to him on my death," and signed his name thereto.   He then put the envelope in a fire-proof safe of the firm of which he was a member.   After his death, which occurred more than seven years thereafter, the seal was broken and the assignment found. During all the interval between the assignment and his death, he continued to pay the premiums upon the policy.

During his life, neither the assignee nor the cestui que trust had any knowledge of the assignments.   He kept it within his exclusive control.   It did not pass out of his possession.

Placing it in the safe which belonged to the firm of which he was a member, did not deprive him of its possession.   It is not shown that his partner ever saw the envelope prior to the death of Mr. Trough; nor, if he saw it, is there anything indicating he had knowledge of its contents.   The direction on the envelope was to deliver after Trough's death.   It clearly negatived all idea of a delivery prior to that event.   He retained the exclusive dominion and control over it, with full power to revoke the request at his own will and pleasure.   Hence, we are clearly of the opinion that there was no such delivery as to constitute a valid gift.

Then as to the trust.   The assignment was not a contract that could be enforced.   It lacked the consideration, necessary in the absence of a delivery, to support a contract or create a trust.   Its sole consideration was natural love and affection.   This is insufficient: Kennedy's Executors v. Ware, 1 Barr 445; In re Campbell's Estate, *supra.*   No court of equity would have compelled its delivery: 2 Kent's Com. 438.   A court of equity will not enforce an unexecuted voluntary agreement: Colman v. Sarrel, 1 Vesey, Jr., 50.   It is true, a seal in law imports a consideration when the instrument has been delivered; but prior to a delivery, or some act which is equivalent thereto, no such presumption is created: Pringle v. Pringle, *supra.*   The cases of Raybold v. Raybold, 8 Harris 308, and Crawford's Appeal, 11 P. F. Smith 53, are entirely

[Trough's Estate.]

consistent with the result at which we have arrived. In each of them there was a valuable consideration to support the trust.

In the former was the additional fact that the property was purchased with the money of the persons claiming the benefit of the trust, and the trustee had, in compliance with their request, caused a deed to be prepared, in pursuance of the trust, although it was not executed. In the latter there had been a distinct credit entered on the books in favor of the claimant.

We think the court erred in sustaining the exceptions to the auditor's report, and in awarding the money to John W. Hicks.

The errors assigned are sustained.

> The decree is reversed, the exceptions to the auditor's report are dismissed, and the record ordered to be remitted to the Orphans' Court, to make distribution accordingly, and it is ordered that the costs of this appeal be paid by the appellee.