# Hertzler's Estate.

*Executors and administrators—Husband and wife—Delivery of bank stock.*

A wife who is the administratrix of her husband, cannot be surcharged with the value of bank stock, where she shows that she had a separate estate, that her husband borrowed money from her on notes, that he indorsed the bank stock over to her, without having it transferred on the books of the bank, but stating *to a disinterested witness that it represented* the amount of his debt to his wife, that he then placed the stock in a pocketbook belonging to his wife, and placed the pocketbook in a box where he and his wife kept their papers, and that after the husband's death the promissory notes were not to be found.

Argued March 10, 1903. Appeal, No. 9, March T., 1903, by plaintiff, from decree of O. C. Cumberland Co., dismissing exceptions to auditor's report in estate of Christian D. Hertzler, deceased. Before BEAVER, ORLADY, W. D. PORTER and MORRISON, JJ. Affirmed.

Exceptions to report of R. M. Henderson, Esq., auditor.
The facts appear by the opinion of the Superior Court.

*Error assigned* was in dismissing exception to auditor's report.

*H. H. Mercer*, with him *S. S. Rupp*, for appellant.—It is necessary that a wife should prove her right as a creditor of her husband with clearness. On this point there should be no doubt: Hause v. Gilger, 52 Pa. 412; Hamill's App., 88 Pa. 363; Young's Estate, 65 Pa. 101; Martin's Estate, 181 Pa. 378; McKown's Est., 198 Pa. 102.

A delivery was essential to pass title to Mrs. Hertzler: Trough's Estate, 75 Pa. 115; Zimmerman v. Streeper, 75 Pa. 147; Nicholls's Appeal, 190 Pa. 308; McKown's Estate, 198 Pa. 102.

*C. Hambleton*, of *Wetzel & Hambleton*, for appellee.—The evidence adduced by the appellee was sufficient to sustain her contention that she had a separate estate, that she loaned a portion of the same to her husband, and that the assignment of the stock certificate was in payment of notes given to her by her husband for the borrowed money: Gilmor's Estate, 158 Pa. 186; Dice's Estate, 180 Pa. 647; Young's Estate, 65 Pa. 101.

OPINION BY MORRISON, J., April 20, 1903:

This is an appeal from the decree of the orphans' court of Cumberland county dismissing the exceptions to, and confirming the report of, the auditor appointed by said court to pass upon exceptions filed to the final account of Kate E. Hertzler, one of the administrators of the estate of Christian D. Hertzler, deceased.

Christian D. Hertzler and Kate E. Hertzler were husband and wife, and he died April 16, 1900, intestate, and letters of administration were issued on his estate to Kate E. Hertzler and Harry D. Hertzler, by the register of wills of Cumberland county, April 20, 1900. Kate E. Hertzler, administratrix, filed her final account on January 5, 1901, and exceptions to this account were filed February 26, 1901. All of said exceptions were withdrawn except the first, which is as follows, to wit: " The

said accountant has failed to charge herself with eight shares of capital stock of the First National Bank of Mechanicsburg, Pennsylvania, the market value of which is $200 per share, total, $1,600." The evidence taken before the auditor shows, and he so found, that Kate E. Hertzler inherited and received from the estate of her father and mother about $4,000, and that her husband was indebted to her on April 4, 1892, about $1,800 for borrowed money; that on April 4, 1892, Christian D. Hertzler assigned to Mrs. Kate E. Hertzler eight shares of the capital stock of the First National Bank by indorsement on the certificate No. 152, and that said stock was not transferred on the books of the bank; that the said Kate E. Hertzler had access to the box in which the said certificate was placed, and in which it was at the time of his death, and that said assignment or transfer was not canceled by said Christian D. Hertzler in his lifetime ; that said Kate E. Hertzler had such possession of the said certificate and transfer of same, as to amount to a constructive delivery of the said stock, and that the title of the same is now in her, the said Kate E. Hertzler. The testimony of William Penn Lloyd, Esq., clearly shows that Christian D. Hertzler assigned the said eight shares of stock of the First National Bank by indorsement on the certificate No. 152 to his wife, Kate E. Hertzler, on April 4, 1892, and that Christian D. Hertzler stated at the time that he was indebted to his wife for borrowed money to an amount equal to the value of the stock, and that she held his notes therefor. The evidence further shows, and the auditor so found, that these notes were not found after the death of Christian D. Hertzler, and the inference drawn by the auditor was that Hertzler destroyed the notes and placed the stock certificate in the pocketbook where it was found after his death. The evidence of Mrs. Hertzler is clear that this was her pocketbook, and that she found the certificate therein after her husband's death. We are clearly of the opinion that she was competent to testify to this fact. The court below in a brief, but clear opinion, overruled the exception, sustained the conclusions of the auditor, and refused to surcharge Mrs. Hertzler with the value of the bank stock for the reason that it belonged to her by transfer and delivery before the death of her husband. A careful examination of the evidence leads us to the conclusion that the auditor and the court

below were right in their conclusion. It is argued that William Penn Lloyd, Esq., acted in the capacity of attorney to Christian D. Hertzler, the decedent, at the time he assigned or transferred the bank stock in question, and was, therefore, incompetent to testify to any declarations of decedent made at the time. The auditor and the court below both find that Mr. Lloyd was not the decedent's attorney, and we cannot see how any other conclusion could have been reached under the testimony of Mr. Lloyd. He and Hertzler were old friends and neighbors, both belonged to the same church, and Mr. Lloyd states specifically that he charged nothing for his services, was paid nothing and never expected anything. It is worthy of notice that the truth of Mr. Lloyd's testimony is not questioned, neither is it questioned that Christian D. Hertzler owed his wife the full value of the bank stock for borrowed money, nor is it questioned that she held his notes for the same, and that the notes were, in all human probability, destroyed by Hertzler after he executed the assignment of the bank stock and placed it in his wife's pocketbook in the box where they kept their papers. The appellant argues that there was not a sufficient delivery of the stock certificate to vest the title to the stock in Kate E. Hertzler, and several authorities are cited in support of this contention, but an examination of these authorities show that they nearly all have reference to gifts. It must be borne in mind that a transfer for a valuable consideration stands upon a different footing than a gift. It is too well settled to admit of question that a gift of personal property depends upon an absolute and unqualified delivery, in fact it is the intentional giving and parting with the possession that vests the title in the donee. Upon this question, see Crawford's Appeal, 61 Pa. 52. In that case the intentional gift was not executed by a sufficient delivery, but our Supreme Court in an interesting opinion by AGNEW, J., sustained the wife's title to the money credited to her on her husband's books on the ground that it created a trust. See also Smith's Estate, 144 Pa. 428. Upon the authority of these and many other cases, probably the wife's right to the bank stock could be sustained on the ground of a trust. But in our opinion it is not necessary to put it upon that ground. We think the assignment of the certificate of stock with the declaration made by the assignor at the time to Mr. Lloyd, and the fact that the

notes which Hertzler had given to his wife were not found after his decease, and that the stock certificate was found in the pocketbook which belonged to the wife, taken together constitute such a delivery as vested a good title to the stock in the wife. In Johnston v. Laflin et al., 103 U. S. 800, it was held: "As between the vendor and vendee of national bank stock the title passes by a delivery and execution of a power of attorney to transfer it." This was a case where the stock was not actually transferred on the books of the bank. Cecil Nat. Bank v. Watsontown Bank, 105 U. S. 217, is to the same effect. "Where it appeared that the obligor put the bond in question into a trunk used by himself in common with the obligee as a safe depository for their valuable papers, and neither of them supposed any further act necessary to give it validity, there was held to be a sufficient delivery: " Ward's Appeal, 35 Conn. 161.

In the case in hand the assignment of the stock was made for a valuable consideration by a solvent assignor, and no creditor or purchaser is raising any question about the validity of the transfer. The appellant is an heir at law of the assignor of the stock, and of course his rights rise no higher than the said assignor.

In Herr's Appeal, 5 Watts & Sergeant, 494, a gift from a husband to his wife was sustained on evidence no stronger than the evidence in the case in hand. If a gift can be sustained on such evidence, then surely the payment of an honest debt ought not to fail because the delivery was not as full and complete as it might have been.

The appellant cites Kaut and Reineman v. Kessler and Schlather, 114 Pa. 603, upon the question of the competency of Mr. Lloyd as a witness. But that case is not in point. There it was sought on the part of a stranger to the contract to prove by the attorney what was said and done by his client at the very time the attorney was acting for his client, and the Supreme Court held that the offer of such testimony was properly rejected. Lawall v. Groman, 180 Pa. 532, is also cited, but an examination shows that it is not in point.

On the question of the wife's separate estate the appellant cites Martin's Estate, 181 Pa. 378, but that case is not in point. Mrs. Hertzler showed by disinterested, competent evidence that

she had a separate estate, and she then showed by the declarations of her husband made to Mr. Lloyd, that he had borrowed from her a sum of money equal to the full value of the bank stock, and that he had given his notes therefor. Trough's Estate, 75 Pa. 115, is also cited. That case decides, among other things, that a gift of a chose in action or chattel cannot be made by words in futuro or words in præsenti unaccompanied by delivery . . . . the assignment being without valuable consideration was not a contract or trust which could be enforced. But this case is not in point, because in the case in hand the bank stock was transferred for a full valuable consideration. Zimmerman v. Streeper, 75 Pa. 147, is cited also. In that case the indorsement on the bond indicated a prospective gift; there being no delivery it was without operation. Nicholls's Appeal, 190 Pa. 308, relates to a gift and there was no sufficient delivery to vest the title in the donee. Kulp, Appellant, v. March, 181 Pa. 627, we think goes further than is necessary to sustain the title of Mrs. Hertzler to the bank stock in this case. But it is unnecessary to consider this subject further. We think the disputed question was properly ruled by the auditor and the court below.

The assignments of error are all overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of the appellant.