## Shaffer *v.* Hoke, Appellant.

*Gift—Certificate of deposit—Delivery without written assignment—Evidence—Sufficiency.*

Where the mother and brother of the donee testify clearly and satisfactorily that his deceased uncle, during his last illness, took from the bureau drawer in his bedroom a package from which he selected an envelope containing a bank's certificate of deposit payable to the registered owner, and handed it to the donee, saying, "Here, this is yours," their testimony is sufficient to establish a gift of the certificate without a written assignment thereof.

A valid gift of nonnegotiable securities may be made by delivery of them to the donee without assignment or endorsement in writing. This principal has been applied to notes, bonds, stock and deposit certificates and life insurance policies.

Argued October 24, 1922. Appeal, No. 206, Oct. T., 1922, by defendants, from decree of C. P. Franklin Co., In Equity, Equity Docket, vol. 4, page 220, in the case between Grover Shaffer, plaintiff, and John W. Hoke, executor of the will of Samuel Stinger, deceased, and Chambersburg Trust Company, defendants. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill for an injunction restraining one of the defendants from collecting, and the other from paying, a certificate of deposit or any moneys due thereon, and also praying for a decree adjudging the plaintiff to be the legal owner of the certificate. Before GILLAN, P. J.

The facts are stated in the opinion of the Superior Court.

434, (1923).]  Statement of Facts—Opinion of the Court.

The court made the order as prayed for by the plaintiff.  Defendants appealed.

*Error assigned,* inter alia, was the decree of the court.

*Edmund C. Wingerd,* and with him *William S. Hoerner, John W. Hoke* and *J. A. Strite,* for appellants. —A gift of a deposit in bank cannot be made without a written assignment of the certificate: Oldfield's Est., 72 Pa. Superior Ct. 340; Sisco's Est., 63 Pa. Superior Ct. 147; Cooper's Est., 263 Pa. 37; McHale v. Toole et al., 258 Pa. 293; Hawn v. Stoler, 208 Pa. 610.

*J. R. Ruthrauff,* and with him *W. O. Nicklas,* for appellee.—Delivery of the certificate with intention of making a gift was sufficient without a written assignment: Com. v. Crompton, 137 Pa. 138; Hafer v. McKelvey, 23 Pa. Superior Ct. 204; Miles' Est., 66 Pa. Superior Ct. 115.

OPINION BY TREXLER, J., March 2, 1923:

Samuel Stinger was a bachelor eighty-nine years of age and for the last few months of his life lived with his nephew, Grover Shaffer, the appellee.  During this period while ill, he opened a bureau drawer in his bedroom and took therefrom a package of papers, and withdrew from the package a red envelope having on its back a picture of the Chambersburg Trust Company building at Chambersburg, Pennsylvania, together with the words, "The Chambersburg Trust Co., Chambersburg, Pa.," printed in large letters, which envelope he handed to the plaintiff, saying, "Here, this is yours."  The latter took the envelope and found it contained a certificate of deposit for one thousand dollars issued by the trust company to Stinger.  The question we are asked to decide is, can a gift of this kind represented by a certificate payable to the registered owner be sustained as passing title without the written assignment of the certificate?

This question seems to be definitely decided in our State. We cite at some length Com. v. Crompton, 137 Pa. 147, in which Mr. Justice McCollum, speaking for the Supreme Court used this language: "It is now settled that a valid gift of nonnegotiable securities may be made by delivery of them to the donee without assignment or indorsement in writing. This principle has been applied to notes, bonds, stock and deposit certificates, and life insurance policies. In Pennsylvania, Wells v. Tucker, 3 Binn. 366; Licey v. Licey, 7 Pa. 251, and Madeira's App., 17 W. N. 202, are illustrations of and rest upon it, and it has distinct recognition and approval in other deliverances of this court. In Walsh's App., 122 Pa. 177, we refused to extend it to a depositor's bankbook, but acknowledged, 'that, in the case of notes and other instruments payable to order, a delivery accompanied by words importing a present absolute gift would invest the donee with the ownership of the fund.' The bank book was regarded as on the same footing as a book of original entries, and the mere delivery of it to the donee as insufficient to pass any title to the accounts appearing upon it. But 'a certificate of deposit is a subsisting chose in action, and represents the fund it describes, as in case of notes, bonds, and other securities, so that delivery of it as a gift constitutes an equitable assignment of the money for which it calls': Basket v. Hassel, 107 U. S. 602. In the case last cited, Mr. Justice Matthews after an exhaustive examination of the authorities, said: 'The point which is made clear by this review of the decisions on the subject, as to the nature and effect of a delivery of a chose in action, is, as we think, that the instrument or document must be the evidence of a subsisting obligation, and be delivered to the donee so as to vest him with an equitable title to the fund it represents and to divest the donor of all present control and dominion over it, absolutely and irrevocably, in case of a gift inter vivos, but upon the recognized conditions subsequent, in case of a gift mortis causa.'" See

also Hani v. Germania Life Insurance Co., 197 Pa. 276, and Scheid v. Storch, 271 Pa. 496 (Parol gifts of life insurance policies by physical delivery of the policies) Hafer v. McKelvey, 23 Pa. Superior Ct. 202, and Miles' Est., 66 Pa. Superior Ct. 115. We do not see how the appellant can get rid of the effect of these cases. His principle reliance is Walsh's App., 122 Pa. 177, at least in the argument he states that case is closest to the present one, but it will be seen by reference to the above quotation from Com. v. Crompton that the Walsh case applies only to bank books and was decided for reasons which are peculiar to that kind of record. See Grows' Est., 17 D. R. 419, PENROSE, J. We conclude that the gift of the certificate was valid.

There was sufficient proof of the transaction. The mother and brother of the donee testified to the facts involved and their testimony was clear and satisfactory and furnished basis for the finding. We do not attach any weight to the argument that there was no proof that the deceased knew what was in the envelope. All the circumstances attending the gift show that he knew what he was about, made a selection of the envelope from a number of others. There was relation between the contents of the envelope and the inscription on the outside. He expressed a favorable opinion of the donee and declared he did not intend to forget him. The only inference that can be legitimately drawn from these facts shows that the donor intended to give his nephew the contents of the envelope and that he knew what was in it. The plaintiff had the burden of proof, Northern Trust Co. v. Huber, 274 Pa. 329, and he showed that the gift was the voluntary and intelligent act of the donor.

All the assignments of error overruled and the decree of the court affirmed. Appellant to pay the costs.