Estate of Maria H. Huber, Deceased.

Argued March 11, 1930.

564

*Paul A. Kunkel,* for appellant, cited: Bond v. Bunt-
ing, 78 Pa. 210; Wagoner's Estate, 174 Pa. 558.

*J. Donald Swope,* for appellee, cited: Trough's
Estate, 75 Pa. 115; Hawn v. Stoler, 208 Pa. 610.

Opinion by Trexler, P. J., April 18, 1930:

Maria H. Huber was the owner of two judgments
entered in the prothonotary's office of Adams County,
one for $1,100 and the other for $400. She was visit-
ing Elizabeth Waidlich, the appellant, whose great-
aunt she was. They were very fond of each other
and Elizabeth gave her the best of attention. She be-
came sick and on her deathbed was informed by her
physician of her approaching end. Soon thereafter
the conversation occurred in which it is alleged the
title to certain judgments passed to her niece.

We quote from the testimony of the witness who was
present as to what the sick woman said: "Elizabeth,
I am giving you these things, these notes, one for $400
and one for $1,100, which I want you to have Mr.
Kunkel invest so that it will save paying inheritance
tax, and she handed them to Elizabeth in her hand."
"She (Elizabeth) sent them to Mr. McClean." "Aunt
Misa (the decedent) told Elizabeth what she wanted

done, and Elizabeth wrote the letter. She told Elizabeth for her to have that money; she wanted Mr. Kunkel to invest it for her." "She said she wanted her to write to Mr. McClean and get the money for these judgment notes and have Mr. Kunkel invest it. She thought she would live long enough for Elizabeth to get the money." She died before her wishes could be carried out.

"It is well settled that a valid gift of non-negotiable securities may be made by delivery of them to the donee without assignment or endorsement in writing. This principle has been applied to notes, bonds, stock and deposit certificates, and life insurance policies." Com. v. Crompton, 137 Pa. 138. This statement has been followed in a number of cases. The matter is fully discussed with a citation of authorities by Justice WALLING in Leadenham's Estate, 289 Pa. 216. The distinction between the cases sustaining this statement and the one we are now considering is pointed out in the above case by a citation from Basket v. Hassel, 107 U. S. 602. "The point which is made clear by this review of the decisions on the subject, as to the nature and effect of a delivery of a chose in action, is, as we think, that the instrument or document must be the evidence of a subsisting obligation, and be delivered to the donee so as to vest him with an equitable title to the fund it represents and to divest the donor of all present control and dominion over it, absolutely and irrevocably, in case of a gift inter vivos, but upon the recognized conditions subsequent, in case of a gift mortis causa."

The certificates furnished by the prothonotary to those who enter judgment upon notes containing a warrant of atttorney are nothing but mere memoranda. If one wishes to pass title to a judgment, the certificate will form no part of the transaction, unless merely to serve for the identification of the judgment. The delivery of the certificates do not effect the dominion

of the donor over the judgments. They are not "the evidence of a subsisting obligation." They need not accompany the transfer of a judgment. Their production is not necessary to parting with the ownership. "The delivery required in making a gift must be according to the nature of the subject of the gift and the donor must in some form relinquish not only the possession, but all dominion over it. Fross' Appeal, 105 Pa. 258." "The law does not look with favor upon gifts causa mortis, and under all the authorities nothing can be sustained as such, unless it is purely and strictly so. Delivery is in all cases indispensable."

We may also note that the alleged gift was made with the assumption that the judgments would be reduced to cash and the money paid to the donee or someone for her use before the death of the donor. The transaction was incomplete. There was no consideration to support it, except affection and the donor could have changed her mind at anytime before the gift was consummated: Trough's Est., 75 Pa. 115; Hawn v. Stoler, 208 Pa. 610; Kennedy's Exc. v. Ware, 1 Pa. 445; Shaffer v. Hoke, 80 Pa. Superior Ct. 434; Packer v. Clemson, 269 Pa. 1; Leadenham's Est., supra; Kaufman's Est., 281 Pa. 519.

The decree of the orphans' court is affirmed, appellant to pay the costs.