## Yonker v. Yonker.

*F. I. Farley,* for plaintiff; *Robert F. Bonner,* for defendant.

DAVIS, J., June 30, 1930.—The plaintiff brought this action in replevin to recover three certificates for three shares each of the stock of the Electric Storage Battery Company and two life insurance policies.

The plaintiff is an employee of the Electric Storage Battery Company. Under a plan of that organization employees were given the privilege of subscribing to a certain amount of stock at a price below the market price. In 1923 the plaintiff subscribed to his allotment of three shares of stock. The certificate for those three shares was delivered to the plaintiff in 1926. In 1924 he subscribed to three shares, the certificate for which was delivered in 1927; and in 1925 he subscribed to three shares, the certificate for which was delivered to him in 1928. The certificates were all in the name of the plaintiff. The dividends were payable to and received by the plaintiff. The certificates were deposited in a tin box which was kept in the home of the plaintiff and defendant, to which both the plaintiff and defendant had access. The key thereto was left upon the dresser in a glass dish. The plaintiff and defendant were married in 1925.

The plaintiff testified that when he received the certificate for the first three shares of stock he handed it to his wife, the defendant, told her to put it away in the box for safekeeping; that the certificate for the second three shares was also handed to the defendant by the plaintiff, who testified that he told the defendant to put the certificate away with the other. As to the third certificate, the plaintiff testified that he took it home and placed it on the sideboard, in the belief that his wife would put the certificate in the tin box with the other certificates. Sometime prior to the date when the plaintiff placed the certificate for the last three shares on the sideboard, the plaintiff and defendant had some domestic difficulty, were not on speaking terms, and they

subsequently separated. At the time of the separation the plaintiff did not take the certificates of stock away from the home with him. The defendant now claims that the certificates were given to her as a gift. The certificates were not transferred in blank, nor did the defendant make any demand at any time that the certificates be placed in her name. The defendant never asserted any title to the stock prior to the separation. The defendant testified with reference to the certificate for the first three shares: "In 1926 he brought the first three shares home, and he handed them to me, and he said, 'here, these are yours; put them away for safekeeping,' which I certainly did. In 1927 he brought three more shares home, and said, 'put these away with the rest of them.'" In 1928 the plaintiff brought home a certificate for the last three shares, and with respect to that certificate the defendant testified: "He laid that on the buffet, and that laid there for one week until I put it away. I did not know what to do with them. We were not on speaking terms. I did not know whether I was entitled to have them. He did not tell me what I was to do with them."

As to the two policies of insurance, there was little testimony presented. The defendant testified that the two policies had been in the box since the date of the marriage. There is no testimony whatever to sustain a verdict in favor of the defendant as to these policies.

As this is an action in replevin, the plaintiff must recover on the strength of his own title and not on the weakness of his adversary's. The title to the certificates had never been transferred and was still in the name of the plaintiff. The physical possession of the certificates was in the plaintiff, as they were in a box which was the common property of himself and his wife.

Considering the case from the equitable viewpoint, to wit, that this was a gift *inter vivos*, the plaintiff has shown that he never parted with the title to, nor dominion over, the property. The failure of the defendant to take possession of the certificate for the last three shares of stock negatives her testimony that it was a gift. Nor did her testimony as to the six shares meet the proof necessary to sustain a gift *inter vivos*. To make a valid gift *inter vivos* there must be a clear, satisfactory and unmistakable intention of the giver to part with and surrender dominion over the subject of the gift, with an intention to invest the donee with the right of disposition beyond recall, accompanied by an irrevocable delivery. There is no presumption of an intention to give, and the purpose to do so, followed by an actual or constructive delivery, must be shown, and the burden of proving both of the necessary elements rests on the alleged donee. Prior to complete surrender, the donor may alter his intention and retake the subject-matter, or thereafter the donee may return it, thus releasing the right of ownership: Kaufmann's Estate, 281 Pa. 519.

In Leadenham's Estate, 289 Pa. 216, it was said: "The evidence of a gift *inter vivos* must be clear and satisfactory; that it must disclose an unmistakable intention on the part of the donor at the time to withdraw or surrender his dominion over the subject of the gift; that it must show unequivocally an intention to invest the donee with the right of disposition beyond the recall of the donor; that the gift must be completed by actual or constructive delivery beyond the power of revocation; that the intention of the donor must be made manifest and established by clear and precise evidence, and the delivery of the subject of the gift must be as complete as the circumstances permit."

The latest decision upon this question is in Huber's Estate, 98 Pa. Superior Ct. 563, where it was said:

" 'It is well settled that a valid gift of non-negotiable securities may be made by delivery of them to the donee without assignment or endorsement in writ-

ing. This principle has been applied to notes, bonds, stock and deposit certificates and life insurance policies:' Com. *v.* Crompton, 137 Pa. 147. This statement has been followed in a number of cases. The matter is fully discussed with a citation of authorities by Justice Walling in Leadenham's Estate, 289 Pa. 216. The distinction between the cases sustaining this statement and the one we are now considering is pointed out in the above case by a citation from Basket *v.* Hassell, 107 U. S. 602. The point which is made clear by this review of the decisions on the subject, as to the nature and effect of a delivery of a chose in action, is, as we think, that the instrument or document must be the evidence of a subsisting obligation, and be delivered to the donee so as to vest him with an equitable title to the fund it represents and to divest the donor of all present control and dominion over it, absolutely and irrevocably, in case of a gift *inter vivos*, but upon the recognized conditions subsequent, in case of a gift *mortis causa*."

For the reasons stated at the time of the trial and here, we are of opinion that the plaintiff was entitled to binding instructions.

The motion for a new trial is overruled.