## Lavelle, Appellant, v. Melley.

*Gift—Inter vivos—Evidence—Delivery—Question for jury—Witness—Party dead.*

In a contest to determine the ownership of money alleged to have been given by a decedent in his last illness to the plaintiff, decedent's body servant, another domestic in the employ of decedent, testified that she saw decedent hand a vest to plaintiff and say: "Here Pat, take this and take the keys, and take the money in the trunk;" that upon plaintiff saying that he did not have the keys witness procured them, and handed them to the decedent who said: "Here Pat take the keys and take the money in the trunk." *Held*, (1) that the question as to what decedent meant when he used the word "take" was for the jury; (2) that the question of the sufficiency of the delivery was for the jury; (3) that the plaintiff was not a competent witness.

Argued Jan. 20, 1904. Appeal, No. 72, Jan. T., 1905, by plaintiff, from judgment of C. P. Lackawanna Co., Sept. T., 1901, No. 688, on verdict for defendant in case of Patrick Lavelle v. E. J. Melley. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit to recover money in possession of defendant.
The opinion of the Superior Court states the facts.
Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in giving binding instructions for defendant; (3) in excluding the plaintiff as a witness.

*A. A. Vosburg* and *T. A. Donahoe*, with them *M. J. Donahoe*, for appellant.—Plaintiff was competent: Greenawalt v. McEnelley, 85 Pa. 352; Venus's Est., 2 York Legal Record, 193 ; Simpson's Est., 4 Del. Co. Repr. 129 ; Jack v. Kintz, 177 Pa. 571; Sargeant v. Ins. Co., 189 Pa. 341; Smith v. Hay, 152 Pa. 377.

The learned court erred in holding that the language employed by the decedent, according to the testimony of Miss Dolan, was not sufficient to submit to the jury upon the question of whether a gift was intended by the donor or not: Osterhout's Est., 148 Pa. 223 ; Jacques v. Fourthmam, 137 Pa. 428 ; Michener v. Dale, 23 Pa. 59 ; Maynes v. Atwater, 88 Pa. 496 ; Flanigan v. Flanigan, 115 Pa. 233 ; Thornton on Gifts and

Advancement, p. 191; Carpenter v. Buttrick, 41 Mich. 706 (3 N. W. Repr. 196); Kenistons v. Sceva, 54 N. H. 24; Essex's Est., 20 N. Y. Supp. 62; Thornton on Gifts and Advancements, p. 197; Marsh v. Fuller, 18 N. H. 360; Coleman v. Parker, 114 Mass. 30; Cooper v. Burr, 45 Barb. 9.

Delivery of a key to the box in the donor's bank is sufficient evidence of the delivery: Devol v. Dye, 123 Ind. 321 (24 N. E. Repr. 246); Stephenson v. King, 81 Kentucky, 425.

The delivery of a key has been held sufficient to establish delivery of a trunk and its contents: Wing v. Merchant, 57 Me. 383; Gourley v. Linsenbigler, 51 Pa. 345; Kulp v. Marsh, 181 Pa. 627; Parker's Estate, 3 Pa. Dist. Rep. 370; Malone's Estate, 8 W. N. C. 179; Wells v. Tucker, 3 Binney, 366.

*T. P. Hoban*, with him *M. A. McGinley*, for appellee.—The court properly excluded the testimony of Patrick Lavelle, the plaintiff, as to what transpired before the death of Rev. John Lougran: Darragh v. Stevenson, 183 Pa. 397; Post v. Avery, 5 W. & S. 509; Flanagan v. Nash, 185 Pa. 41; Greenewalt v. McEnelley, 85 Pa. 352; Jack v. Knitz, 177 Pa. 571; Patterson v. Dushane, 115 Pa. 334; Mell v. Barner, 135 Pa. 151; Lacock v. Com., 99 Pa. 207; Hunt's App., 100 Pa. 590; Trickett's Pa. Law of Witnesses, 241; Miller's Est., 151 Pa. 525.

The testimony of Catharine Dolan was clearly insufficient to establish a gift to the plaintiff: Trough's Est., 75 Pa. 115; Plumstead's App., 4 S. & R. 545; Scott v. Reed, 153 Pa. 14; Walsh's App., 122 Pa. 177; Bowker's Est., 5 W. N. C. 493.

A mere intention, purpose or wish to give, not executed, or an instruction, direction or order to give, or made with view to making a gift, but not carried out is ineffective as a gift: Campbell's Estate, 7 Pa. 100; McGuire v. Adams, 8 Pa. 286; Carson v. Potter, 18 Pa. 457; Walsh's Appeal, 122 Pa. 177; Gourley v. Linsenbigler, 51 Pa. 345; Linsenbigler v. Gourley, 56 Pa. 166; Walsh v. Kennedy, 2 W. N. C. 437; Hemphill's Estate, Huntsworth's Appeal, 180 Pa. 87; Flanagan v. Nash, 185 Pa. 41; Pryor v. Morgan, 170 Pa. 568; Scott v. Reed, 153 Pa. 14; Clark v. Clark, 174 Pa. 309; Neal v. Black et al., 177 Pa. 83; Gwynne's Estate, 32 Pitts. Legal Jour. (N. S.) 423.

OPINION BY BEAVER, J., January 17, 1905:

The plaintiff, who is the appellant here, was in the employ of Rev. John Loughran, a priest of the parish of Minocke. He served as a general utility man about the house and particularly during Father Loughran's last illness, as nurse and body servant. The defendant is the executor of the last will of the decedent.

The suit was originally brought against him as executor but the record was amended on the trial so as to allow the suit to stand against him personally and not in his representative capacity as executor.

The claim of the plaintiff was for a watch and a sum of money contained in a trunk or chest alleged to have been delivered to the plaintiff as a gift shortly before the death of the decedent. The plaintiff's testimony as to what occurred at the time of the alleged gift was ruled out but the housekeeper of the decedent, who was in the room at the time, testified as to the circumstances attending the same, so far as she could recall them. In answer to the question, "Q. Now tell us what happened between Father John and yourself and Mr. Lavelle just before his death," she said: "A. I remember seeing him hand Pat Lavelle the vest. I remember on Sunday morning of him handing Patrick Lavelle the vest at the same time I was going around the room. I don't know what passed between Pat and him. I was not minding Father John or Pat Lavelle at the time, but I seen him handing him the vest; he handed him the vest with that hand and he says, 'Here, Pat, take this and take the keys and take the money in the trunk,' and Pat says 'I haven't got them, Father John,' and Father John turned to me and says, 'Catherine, have you got the keys?' and I says, 'Yes, sir,' and they were in a little bureau drawer and I handed them to Father John and Father John handed them to Pat Lavelle and he says, 'Here, Pat, take the keys and take the money in the trunk.'" The transaction is more fully described, particularly as to the situation of the trunk, the open closet door, etc., but the main facts are contained in the foregoing extract from Miss Dolan's testimony.

Two principal questions are raised by the assignments of error, namely, first, was the case, under the circumstances, for the jury? and second, was the plaintiff a competent witness?

1. What was the intention of the decedent when he delivered the vest containing his watch and his bunch of keys, among which, as we understand it, was the key to the trunk, with directions to " take the keys and take the money in the trunk."

The trial judge in the court below, in directing a verdict for the defendant, based his direction upon two distinct grounds: (*a*) that there was no " competent evidence (upon which) to base their finding," and (*b*) that there was no sufficient delivery, the court saying : " The law is well settled that before a gift is consummated, before it is binding upon the donor, the party who gives, there must be a transfer or delivery of the article in question from the giver to the recipient of the gift, from the donor, as we call him, to the donee.   Now in this case the money alleged to be given by the priest to the plaintiff was in a trunk, if the testimony on the part of the plaintiff is to be believed, and amounted to some $1,100 or upwards of $1,100. It was not a gift of the trunk and the contents entirely, over to the plaintiff, or alleged to be ; it was a gift of some of the contents of the trunk, that is to say, the money, and the key with which he was to get the money was among other keys ; and the property in question, to wit : the money, was capable of manual seizure—manual possession—capable of being handed right over from one person to another ; and it, therefore, appears to me that, under the rules of law bearing upon this question of delivery, that there was not a sufficient delivery of the property in question.   While a mere symbolical delivery, such as the delivery of a trunk or the giving of a room, is held to be sufficient delivery of the contents, yet the weight of authority, as I view the law, is to the contrary, where the property in question is capable of being handed over ; and, for that reason as well as for the first reason that I mentioned, it seems to me that the plaintiff has not made out a case here and, therefore, the duty devolves upon me in (of) asking you to render a verdict in favor of the defendant."

What was the intention of the deceased, as shown by the words which he used ?   Was this not a question for the jury ? We think, in view of the authorities, it was.   What is the significance of the word take ?   It may have meant, take into your personal possession, or it may have meant, take for the purposes which I indicate, but there does not seem to have

been any qualifying clause limiting the purpose for which the plaintiff was to take possession. Could not the jury, therefore, fairly have inferred that the language was to be taken as indicating a gift to the plaintiff? The province of the jury as to the construction of oral declarations and the meaning which is to be attached to them is clearly pointed out in many of our cases: Harper v. Kean, 11 S. & R. 280; Sidwell v. Evans, 1 P. & W. 383; M'Farland v. Newman, 9 Watts, 55; Maynes v. Atwater, 88 Pa. 496; Jacques v. Fourthman, 137 Pa. 428. In the latter case, referring to the declaration of a decedent, " Julia, where are those notes I gave you ? " the Supreme Court says: " What did the decedent mean when he said that? Did he mean that he had given them to the plaintiff? Certainly the court cannot say, as a matter of law, that he did not. The word used was entirely proper to express the fact of a gift. The actual meaning of the declaration must be determined by the jury and, if they decided that a gift was meant, could they not lawfully do so? Would such a meaning be an absolutely illegitimate inference ? We cannot say so." So here, would it be an absolutely illegitimate inference for the jury to say that the intention of the decedent, as indicated by his language, was inconsistent with a gift to the plaintiff ? We cannot say so and we are, therefore, of the opinion that the case should have gone to the jury, if there was, in contemplation of law, a delivery to the plaintiff.

That is an important question. If the parties had been in such a situation that the deceased could have opened his trunk with the key contained in the bunch handed to him by his housekeeper and could have taken from the trunk the money which was therein contained and handed it to the plaintiff, what the court says in regard to the question of delivery would have had very great force, but the circumstances of the case must be taken into consideration. The law does not require impossibilities. If it was the intention of the decedent to make a gift to the plaintiff and he was in such a condition physically, by reason of the near approach of death, as to make it impossible for him to have unlocked his trunk and taken the money out of it and handed it directly to the plaintiff, it seems to us that what was done to indicate a delivery was as much as the circumstances would allow. The deceased, as is shown

by the attendant circumstances, was practically in articulo mortis. He seemed to realize this himself and, although it is not claimed that this was a donatio mortis causa, the condition of the deceased was sufficient to make it so, if the other circumstances had been present. The claim of the plaintiff is that of a gift inter vivos. Was the delivery, under the circumstances, as complete as the donor could make it? It seems to us that this also was for the jury.

2. Was the plaintiff a competent witness? His contention is that the personal property which he claimed—the watch and the money contained in the trunk—was separated from the estate by the donor during his lifetime. If this contention be correct, it did not descend to the defendant either as an individual or in his representative capacity. Certainly not to him as an individual. But is it correct? That is the very issue involved. If the gift was absolute and the delivery complete, the property belonged to the plaintiff; if not, it belonged to the estate of the decedent. It matters not, therefore, it seems to us, whether the suit is against the defendant as an individual, as it now stands by reason of the amendment which was allowed in the court below, or against him as the executor of the will of the decedent. The plaintiff bases his claim upon what occurred between him and the decedent in his lifetime. The lips of the latter are now sealed by death. Those of the former are, therefore, as we understand the Evidence Act of 1887, sealed by the law. The discussion of this subject in the opinion of Judge KELLY upon the rule for a new trial is entirely satisfactory.

Our attention has been called since argument to Allen's Estate, 207 Pa. 325. In that case, however, the question as to the separation of the farm claimed by the son from the estate of the decedent in his lifetime did not arise. It was admitted that there was such a separation in the lifetime and the only question at issue there was whether by the separation it became a gift or an advancement. In determining that question the Supreme Court held that, the separation having been actually made, the son was a competent witness to testify as to whether it was a gift or an advancement. The case has, therefore, no application to the one under consideration. The subject has been since discussed in Rudolph v. Rudolph, 207 Pa.

339, in Montelius v. Montelius, 209 Pa. 541, and in Broadrick v. Broadrick, 25 Pa. Superior Ct. 225, in which cases, although not strictly analogous, the general principle governing here is discussed and determined in accordance with the view of the court below.

3. The question of delivery has been discussed under the first paragraph of this opinion and, as there indicated, it was a question for the jury.

The second and third assignments of error are, therefore, sustained.

Judgment reversed and a new venire awarded.