## Willock *v.* Beaver Valley Railroad Company, Appellant.

*Railroads — Eminent Domain — Consequential Damages — Streets — Damages for Operation—Smoke and Dust—Evidence.*

1. In action of trespass to recover consequential damages caused by the construction of a railroad in a street, where a witness admits upon cross-examination that in fixing his estimate of the damages he had taken into consideration "the danger from the operation of the road" and "the smoke and the dust . . . .," and the bringing in a cheaper class of houses" and this testimony is not afterwards changed materially or departed from and it is clear that the witness did take these forbidden elements into account, the refusal of the court to exclude his evidence on motion, constitutes reversible error, especially when the charge contains no instruction to disregard it.

*Appeals—Paper-book—Statement of question involved—Assignments of error.*

2. The statement of the question or questions involved must include any question unrelated to the main matter for decision but considered sufficiently important to be assigned for error, or the assignment will be ignored.

Argued Oct. 11, 1910. Appeal, No. 3, Oct. T., 1910, by defendant, from judgment of C. P. Beaver Co.,

March T., 1907, No. 223, on verdict for plaintiff in case of John P. Willock for use, v. Beaver Valley Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover consequential damages caused by the construction of a railroad in a street. Before INGHRAM, P. J., specially presiding.

The facts appear in the opinion of the Supreme Court and the prior report of the case in 222 Pa. 590.

The statement of the question involved was as follows:

In an action by an abutting property owner to recover consequential damages for the construction of a railroad longitudinally and at grade on the street in front of his property, did the court below confine the evidence as to damages within the limits ordered by this court, when the case was here on appeal after the first trial? 222 Pa. 590.

When John P. Willock was on the stand he was asked this question:

"Q. Then I would ask you, what is the amount of depreciation in the value of that property caused by the special injury to the access about which this complaint is made?"

Whereupon the defendant's counsel asked leave to cross-examine the witness as to his competency, and, leave having been granted so to do and the said witness having been cross-examined and having been re-examined, the court made the following ruling: "You may proceed, and we will seal a bill to the defendant in that matter." [7]

The court charged in part as follows:

[And it will be a question for your determination, whether or not, under all the evidence in this case, the market value of this property as a whole has been appreciated or depreciated by the construction of this railroad; and as you determine that question, so will your verdict be. If the market value of the property has not been depreciated, then the plaintiff has not suffered any damage

by reason of the construction of the railroad, and your verdict would be for the defendant. But if you find that the market value of that property, as affected by the construction of this railroad, has been depreciated, then you will determine for what amount and to what extent, and for such amount the plaintiff would be entitled to a verdict at your hands.] [1]

[He has offered you also the testimony of Mr. J. A. Shane, who, I believe, is a real estate dealer in the borough of Beaver, and he has given you his opinion of how the access to this property has been affected by the building of the railroad; and he testifies that in his opinion the market value of the real estate in question has been depreciated to the extent of $4,000.] [2]

[Now, these are the witnesses, gentlemen, who have fixed an amount in which they say they believe this property has been depreciated by reason of the interference of the construction of this railroad with the access to the property. And for such an amount as you may find from the testimony of these witnesses, the plaintiff claims a verdict at your hands.] [3]

*Errors assigned* were (1–3) various instructions, quoting them; (4–7), rulings on evidence, quoting the bill of exceptions.

*George B. Gordon* and *James L. Hogan,* with them *Wm. Watson Smith,* for appellant.

*Robert W. Darragh,* with him *J. Rankin Martin,* for appellee.

Opinion by Mr. Justice Moschzisker, January 3, 1911:

On the last appeal in this case, 222 Pa. 590, we laid down the rule to govern the measure of damages, and particularly called attention to the law "that noise, smoke and dust as well as other inconveniences and discomforts which must be borne by the general public and which

are occasioned by the operation of the railroad, cannot be considered in estimating damages for special injuries in this class of cases." The fourth and fifth assignments of error raise the question: Did the court below confine the evidence as to the damages within the limits ordered by this court?

J. A. Shane, a witness for the plaintiff, admitted under cross-examination that in fixing his estimate of the damages he had taken into consideration "the danger from the operation of the road" and "the smoke and the dust . . . ., and the bringing in a cheaper class of houses." This testimony was not afterwards changed materially or departed from, and it is clear that the witness did take these forbidden elements into account. The testimony was not only objected to during the examination of the witness, but at its conclusion a motion was made to strike out the evidence. The refusal of this motion was reversible error.

In Hamory v. Pennsylvania, Monongahela & Southern R. R. Co., 222 Pa. 631, we said: "Where evidence has been improperly admitted which tends to prejudice the minds of the jurors, the error is not cured by an instruction in the charge to disregard it or to withdraw it from their consideration." The defendants in the present case were not even given the benefit of such an instruction. On the contrary, the trial judge in his charge treated the testimony as if the witness had confined himself entirely to the element of interference with access to the plaintiff's property. Though we might not have felt called upon to reverse on this alone, yet in the absence of any instructions that the jury must disregard all elements other than the interference with access, we cannot say that the second and third assignments of error are without merit.

The abstract from the charge to which our attention is called in the first assignment may appear subject to criticism, but when taken in connection with the charge as a whole it does not constitute reversible error.

A careful reading of all of the testimony satisfies us that no substantial harm was done by allowing the question covered by the sixth assignment.

The seventh assignment will not be considered for the reason that the question attempted to be raised therein is not suggested in the statement of the question involved. While the rule governing the question involved is, "It must state the question or questions in the briefest or most general terms, without names, dates, amounts or particulars of any kind whatever," this does not mean that a question unrelated to the main matter for decision but considered sufficiently important to be assigned for error, need not be included.

The second, third, fourth and fifth assignments are sustained, the judgment is reversed and a venire facias de novo is awarded.