## Sherman, Appellant, *v.* Stoner.

*Gifts—Evidence—Sufficiency.*

A delivery by gift must be such as the nature and situation of the subject given reasonably admits of, but it may be proved by the declarations of the donor, and when the donor declares that the gift was made at a previous time and that the donee had then

become the owner, it is implied that delivery and every other formality necessary to create a gift had taken place.

It is necessary that the evidence disclose a clear and unmistakable intention on the part of the donor to surrender his title to the subject of the gift, but where it sufficiently appears, the language of the donor and the circumstances surrounding the transaction may be sufficient to establish a completed donation.

Where a donor gave the donee a valuable clock and afterwards signed a written declaration affirming such gift there is sufficient evidence to establish a transfer of the title, even although the donee allowed the clock to remain in the possession of the donor.

Argued March 14, 1921. Appeal, No. 8, March T., 1921, by plaintiff, from judgment of C. P. Adams County, Aug. T., 1919, No. 105, in favor of defendant, in case tried by the court without a jury in the suit of George W. Sherman v. C. A. Stoner. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Replevin to recover possession of a clock. Before McPHERSON, P. J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant. Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*William Hersh,* for appellant.

*William Arch McClean,* for appellee.

OPINION BY HENDERSON, J., April 18, 1921:

The record presents but a single question: Was the evidence sufficient to show that the subject of the replevin was a gift to the plaintiff? The controversy is within contracted limits and there is no contradiction in the material evidence. The facts leading to the liti-

gation may be briefly stated. Mrs.. Kate O. Wolf lived alone in her residence at Gettysburg in this State. She was a widow without children and an aunt of the plaintiff whom she had taken into her family when he was about five years old. He continued to live with her as a member of her family until he was more than forty years of age, when he married. A very friendly relation existed between him and his aunt. She had acquired some property by inheritance from her family, a part of which was a hall clock, known as the "Miley" clock which had been owned in the family for some generations and was regarded as an heirloom. It had been for a long time in one of the rooms of her house.. Because of the associations connected with it, she wished her nephew to have it, and in execution of that desire she gave it to him. Afterward, about the 30th of September, 1908, she and the plaintiff went to the office of Mr. Hersh, a member of the bar, and a friend of the family, where she stated the circumstances. As shown by the testimony of Mr. Hersh, Mrs. Wolf said: "George owns the old grandfather clock in my house; it is the old Miley Clock, as it come down from the old Miley family several generations; we raised George as you know and all lived together in Oxford for many years; he was always like a son to me and I have given him that clock." She requested Mr. Hersh to prepare a paper to show that the clock belonged to the plaintiff, and in that connection said to the latter: "I gave it to you, and I don't want any questions to arise about it hereafter." Mr. Hersh prepared a statement which Mrs. Wolf, returning to the office the same or the next day, signed. It was in the following form:

"Oct. 1st, 1908.

"I hereby certify that the grandfather's clock now standing in the dining room of my home on York street in Gettysburg, is the old Miley Clock, and is the property

of George W. Sherman, of Westminster, Md.   I gave the same to him, as it was the old family clock."

"Witness:                                    (Signed)

  "Wm. Hersh.                         Kate O. Wolf."

After the paper was executed, she handed it to the plaintiff in the presence of Mr. Hersh; at the same time saying to him: "Now, George, this settles it.   You keep it. The clock is yours and the Wolfs and nobody else will ever give you any trouble about it."   Something was said about the removal of the clock to the plaintiff's home in Maryland, and Mrs. Wolf explained that the plaintiff thought as a matter of sentiment he would like her to keep it for him in the old homestead.   Mrs. Wolf said he could leave it in the house and it would be well cared for. A few years afterward, Mrs. Wolf was found to be a person of weak mind and, in a proceeding had, a guardian was appointed for her.   In 1919, she removed from Gettysburg, taking with her some of her effects and leaving others behind.   The Miley clock was not taken by her. Her guardian caused the personal property in the house to be sold by an auctioneer, without authority from the court and without the knowledge of the plaintiff.   The notice of the public sale did not announce the name of the owner of the property.   The clock was bought by the defendant, and the plaintiff having learned that it had been sold, made demand for it which was refused.

The case was tried without a jury and was decided in accordance with the conclusion of the court that the gift had not been completed by delivery of the property.   The trial judge seems to have been of the opinion that there was no evidence of actual delivery, and that the plaintiff rested his case on a constructive delivery made at the time Mrs. Wolf gave the written statement above quoted to him.   It will be observed, however, that the statement of claim sets forth a gift prior to October, 1908, and refers to Mrs. Wolf's written statement as evidence of that gift.   All of the evidence relates to a fact ac-

complished.    The gift was not made when Mrs. Wolf appeared with the plaintiff at the office of Mr. Hersh. The testimony makes it very clear that it had been made at a prior time and that the object of the visit to Mr. Hersh was to prepare evidence of the fact in order that no question might arise thereafter.    Just what took place at the time the gift was made does not appear.    The clock was a large and unwieldy article such as could not be picked up by the plaintiff and carried away, but such a delivery could have been made as would meet the demands of the law on that subject, and as there is no question of the rights of creditors, and the intention of the donor to place the title to the property in the plaintiff is sufficiently manifested, the declaration of the paper signed in the presence of Mr. Hersh and the repeated declarations of the donor to other persons that she had given the clock to her nephew are competent and ought to be sufficient evidence that a delivery had taken place. Mrs. Wolf clearly intended to transfer the dominion of the property from herself to her nephew.    Dominion is ownership; the power of disposal and the right of absolute possession.    This the plaintiff had under the evidence.    The case is not made out by the testimony of witnesses to the physical tradition of the property, but by the numerous declarations of the donor that such transfer had been made.    Delivery must be such as the nature and situation of the subject given reasonably admits of, but it may be proved by the declarations of the donor, and when the donor declares that he had given at a previous time and that the donee had then become the owner, it is implied that delivery and every other formality necessary to create a gift had taken place.    This is the doctrine of Malone's Est., 8 W. N. C. 179, affirmed by the Supreme Court in 38 Leg. Int. 303, and cited with approval in Leitch v. Diamond National Bank, 234 Pa. 557.    It was said in Smith's Est., 237 Pa. 115, that "the execution of the purpose to give, that is, by delivery, may be shown either by declarations or admissions of the al-

leged donor, or it may be gathered from his acts when accompanied by other indicia of a gift." It is necessary that the evidence disclose a clear and unmistakable intention on the part of the donor to surrender his title to the subject of the gift, but where this sufficiently appears, the language of the donor and the circumstances surrounding the transaction may be sufficient to establish a completed donation. The fact that the clock was not removed from the house is not conclusive against the plaintiff. Its custody after a completed gift has been made is subject to explanation. Its importance relates to the question whether there was an executed gift: Gannon v. McGuire et al., 160 N. Y. 476; Garrison v. Union Trust Co., 164 Mich. 345. A consideration of the evidence and of the legal principles involved convinces us that the court was in error in holding that there was no evidence of such delivery of the property as was sufficient to complete the gift. The testimony as to the intention of the donor is clear and precise. There can be no doubt that so far as her volition and action are concerned she transferred the clock to the plaintiff, and her declarations in the circumstances induce the conclusion that a sufficient transfer had been made. If the defendant failed to acquire title to the property which the auctioneer sold because it did not belong to Mrs. Wolf, he has a remedy against the guardian. We have not considered the subject of the authority of the guardian to sell the property of his ward and disperse her estate without an order of the court appointing him, as that question was not raised at the trial nor in the argument before us.

The judgment is reversed and the record remitted to the court below with direction to enter judgment for the plaintiff.