## Estate of Agnes Blaszcak.

*Decedents estates—Orphans' court—Jurisdiction—Property of decedent transferred before death—Witness—Competency—Act of May 23, 1887, P. L. 158, Sec. 5 (e).*

When there is a substantial dispute as to the ownership of funds between an administrator who has never been possessed of them, and a person claiming them as a gift from the decedent, an issue should be granted to the Common Pleas. The Orphans' Court has no jurisdiction.

A year before her death the decedent, being ill, authorized her banks, in writing, to enter the appellee's name as joint depositor with her, giving him verbal instructions as to the disposition of the money. He withdrew the deposits and redeposited the amounts in his own name alone. She recovered but gave no further directions. After her death her administrator claimed the fund as part of her estate, and the appellee claimed it as a gift to himself and others.

Such circumstances constitute a substantial dispute of ownership which should be determined by an issue tried in the Common Pleas. It is not controlling that no issue was asked for; it is the duty of the Court, of its own volition, to award the issue.

A person who claims as a gift a fund given into his hands by a decedent prior to his death, is not a competent witness in such proceeding to establish ownership.

Argued March 8, 1927.   Appeal No. 44, February T., 1927, by Stanley Wisniewski, Administrator, from order and decree of Orphans' Court, Luzerne County, November 15, 1926, No. 1333 of 1924.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Petition by Administrator to charge certain funds

in the hands of the respondent turned over to him. Before HELLER, P. J.

The facts are stated in the opinion of the Superior Court.

Petition dismissed. Complainant appealed.

*Errors assigned* were admission of testimony, the dismissal of petition and the decree of the Court.

*John E. Jenkins,* and with him *Miner Aylesworth,* for the appellant.

*Michael J. Torlinski,* for the appellee.

OPINION BY LINN, J., April 22, 1927:

Agnes Blaszcak died December 20, 1924. Her nephew, the appellant, received letters of administration. On April 14, 1925, he filed his petition in the Orphans' Court for a citation to appellee commanding him to pay to appellant as administrator $2,665.01, alleged to belong to the estate of his intestate, or to show cause why it should not be paid. To the rule granted on that petition, appellee answered, in substance alleging that on July 31, 1922, decedent delivered to him her two savings bank pass books showing a balance of $2,400.63, together with her order on the banks authorizing him to collect the amounts, and also that she then instructed him orally to distribute the fund after her death as stated in the answer. A part of it, he averred, was "to be disposed of by [himself] as trustee at his discretion." He alleged that he had so received the money and asked that the petition be dismissed. Testimony was taken and the rule was discharged on the merits. That action is challenged by this appeal.

We have first a question of jurisdiction. It will be observed that the petition and the answer agree that the money in question had been out of Agnes Blas-

zcak's possession, and apparently out of her control, nearly a year and a half prior to her death and that, while appellee states that he holds part of it for others, he asserts that part was a gift to him. The administrator has never had possession or control of the fund. Its ownership is disputed. In Williams' Estate, 236 Pa. 259, decisions considering this question of jurisdiction were reviewed and divided into classes: " (a) Those wherein it is ruled that the Orphans' Court has jurisdiction finally to decide the question of ownership and compel a surrender to a decedent's estate of assets improperly held by one whose title is colorable only; ...... In all of these the property claimed had at one time actually been in and formed part of the estate of the decedent and had been parted with by a representative thereof; no substantial dispute as to ownership existed in any of them.  (b) Those wherein it is ruled that the Orphans' Court has jurisdiction finally to decide the question of ownership of property already actually in a decedent's estate and, incidentally, where the facts call for it, to decree a final surrender of such assets to outside claimants; ........ In each of these the property claimed was actually in the estate, and therefore, at least temporarily, in the custody and under the jurisdiction of the Orphans' Court, when the claimant voluntarily included the asset in an account stated by him, or brought and submitted the issue of his ownership to that tribunal for its determination.  The common principle on which they turn is that, under such circumstances, the court has jurisdiction to adjudicate all questions standing in the way of the distribution of assets in the estate, and when clear that they are included therein wrongfully or by mistake it may relinquish control of the property to the real owner. [Gilkenson v. Thompson, 210 Pa. 355] does not belong to either of the above classes; it was a case within

the jurisdiction of the Orphans' Court to issue a preventive decree in the nature of an injunction, in order to maintain the status quo, for the protection and preservation of property claimed by the estate of a decedent the ownership of which was in dispute ...... (Cutler's Estate, 225 Pa. 167) is an instance where the Orphans' Court went beyond the issuance of a preventive decree and attempted finally to adjudge a substantial dispute concerning the ownership of property not included in the account or otherwise expressly declared a part of the decedent's estate, and where it was not even clear that the alleged asset was in the possession of the decedent at the time of his death. We there said that (p. 171) 'If at testator's death the property is shown to have been in his possession, or if for any other reason it was presumptively his ...... the court may proceed with the investigation so far as to inform itself whether ......... a substantial dispute exists. (p. 173). Having once determined that a substantial dispute existed as to ownership ....... the court ..... should at once direct an issue to the Common Pleas' and we added, that the verdict on such an issue would be conclusive.''

Subsequent decisions are referred to in Connell's Estate, 282 Pa. 555, 558, where the court said: ''Our cases hold that the ownership of an alleged asset of an estate, not included in either inventory or account, and claimed by another, cannot be settled by the Orphans' Court, the jurisdiction of the court being limited to the instances where it has been expressly, or by necessary implication, conferred: Cutler's Est., 225 Pa. 167. When property is formally claimed as belonging to the decedent, and to be a part of the estate, in either of the ways suggested, it may, however, pass on the question of title (Crosetti's Estate, 211 Pa. 490; Williams' Est., 236 Pa. 259) with the right, in case of a substantial dispute, to certify the

case to the Common Pleas for trial before a jury on the issue raised: Walkinshaw's Estate, 275 Pa. 121." See also Schadt's Est., 282 Pa. 523.

In Cutler's Estate the property that was the subject of litigation was claimed by appellant; it had not been in the possession of decedent at his death, and it was contended by the decedent's estate that as the property was claimed by appellant as a gift from the decedent evidenced by instruments of title admitted to have been executed by decedent in his lifetime but when he was not of sufficient understanding to make a gift, the Orphans' Court had power to determine whether a valid gift had been made. That contention was rejected and it was held that when it appeared in the proceeding that a substantial dispute concerning the ownership of the property existed, the duty of the court was to direct an issue pursuant to the Act of March 29, 1832, P. L. 190 (now sec. 21 of the Orphans' Court Act of 1917, P. L. 363, 382); compare Cooper's Estate, 263 Pa. 37; Campbell's Est. 274 Pa. 546, in which the property in question was in the possession of the estate.

In view of the disposition to be made of this appeal, a brief statement of the evidence will be sufficient, and in stating it, we disregard the findings made by the learned court below on the evidence of appellee (Kaufmann's Estate, 281 Pa. 519, 523) whom we consider incompetent to testify for reasons to be stated. On July 31, 1922, decedent went to a hospital for an operation. Under the impression that it might be fatal, she sent for appellee and in the hospital executed a paper prepared by him authorizing (so it was construed) two banks in which she had deposits to enter appellee's name as a joint depositor with her. With that authority, on the same day he withdrew the deposits and caused the amounts to be redeposited in his name alone. She recovered her health and lived

until December, 1924. After her death, appellant demanded that appellee pay the funeral expenses and expenses incident to her last illness out of the funds in question and in his hands and pursuant to that demand, he paid $674.34 to the parties to whom the items making that total were payable; he refused to pay the balance received from decedent. The appellant administrator testified that he was present in the hospital when decedent made her mark to the instrument written by appellee, by which he obtained possession of the funds in the banks, and that appellant signed the document as an attesting witness and that he understood from what appellee and decedent said at the time that appellee was writing her will; indeed, appellant in substance in his testimony charged that appellee manipulated the paper on which the witness signed in such way that instead of witnessing decedent's will as he says she requested him to do, he signed the paper subsequently used by appellee. No will was produced after her death; whatever was signed was retained by appellee.

The evidence so far stated was offered on behalf of appellant. In making his findings the learned trial judge considered also the evidence of appellee who took the stand in his own behalf. After giving some testimony, he stated that on July 17, 1923, decedent made some changes in the oral instructions she had given him on July 31, 1922, concerning the distribution of the money to be made by him after her death, and that he then called her attention to the fact that there was an undisposed of balance of about $600, and that she replied, "You [appellee] make use of this money according to the best of your judgment." His counsel then offered in evidence appellee's memorandum made at the time, of her desired disposition of the fund and was met by appellant's objection to the competency of appellee to testify and by his motion that appellee's evidence of his transactions with decedent prior to

her death be stricken out on the ground of his incompetency (sec. 5 (e) Act of May 23, 1887, P. L. 158). The evidence was admitted, the motion was refused, appellant excepted and assigns the ruling for error. The assignment must be sustained. Both in his answer to the petition and in his evidence quoted, appellee claims part of the fund as a gift to him personally, while part is claimed as a gift for the use of others. He is a party to the alleged gift—the thing in action—and claims adversely to the administrator; the deceased donor's right in the subject matter has passed on the record to her administrator; the appellee is directly within the act: Lavelle v. Melley, 27 Pa. Super. Ct. 69, 74; Flanagan v. Nash, 185 Pa. 41, 44; Kotz v. Smith, 253 Pa. 346; Edmundson's Estate, 259 Pa. 429, 436.

It is thus apparent that the record discloses a substantial dispute about the ownership of the fund in the possession of the appellee, claimed on one side by him and on the other by the decedent's estate. In accordance with the authorities referred to, that ownership should be determined by an issue to be tried in the Common Pleas. It is therefore premature now to discuss the alleged transaction, though attention may be called to the illuminating statement of rules governing the consideration of gifts and the burden of proof, contained in Kaufmann's Estate, 281 Pa. 519, 523, etc., and to what is said concerning parol trusts of personalty in Washington's Estate, 220 Pa. 204, and Hollis v. Hollis, 254 Pa. 90, 94. It is not controlling that no issue was asked for; in the circumstances stated, it becomes the duty of the court of its own volition to award the issue; Cross' Est. 278 Pa. 170.

The decree appealed from is reversed, and the record is remitted for further proceedings consistent with this opinion; costs to abide the event.