# Leadenham's Estate.

*Appeals—Orphans' court—Common pleas—Issue of fact tried in common pleas.*

1. Where the orphans' court certifies an issue to the common pleas, and a judgment entered on a verdict on such issue is certified back to the orphans' court and there acted upon, it is proper practice to take separate appeals from the final action of both courts.

*Gifts—Gift inter vivos—Decedent's estate—Evidence—Near relatives—Delivery—Symbolic.*

2. The claim of a gift inter vivos against the estate of the dead must be supported by clear and convincing evidence.

3. The gift must be complete and accompanied or followed by a delivery of possession to the donee, so as to place the property beyond the control of the donor.

4. That the donor takes securities from his private safe deposit box and places them in a separate box to which he gives a key to the donee is a favorable circumstance to the contention of a gift.

5. So also is the circumstance that the donee was as near as any other relative by blood to the donor and nearer by close personal friendship.

6. While the change of possession may be either actual or constructive, it must be such as is consistent with the nature of the property and the situation of the parties.

7. A present gift of the contents of a box in a bank vault, accompanied by a transfer of key thereto, is valid as a symbolical delivery.

8. While, to complete the gift, the property must pass beyond recall, it is not necessarily defeated by the fact of the donor's retention of access to the book as agent for the donee, to cut coupons or change investments.

9. Declarations of the donor are competent to prove both the gift and delivery of the contents of the box.

10. If the evidence is conflicting as to the gift of the contents of the box, the case is for the jury.

11. Where a jury by its verdict finds that the contents of the box belongs to the donee, such finding will include a small amount of securities found therein other than those specially claimed by the donee and referred to in the donor's declarations.

12. It is immaterial that the certificates of such small amount of securities had been marked with the names of other parties, if there is no other evidence of a competent gift.

13. While the owner has made an uncompleted verbal gift of property to one, he may give it to another.

*Practice, C. P.—New trial—Charge—Failure to call court's attention to omissions.*

14. Omissions by the trial judge to refer to specific testimony is not a ground for a new trial, where counsel failed to call the judge's attention to the omission at the conclusion of the charge.

*Appeals—Statement of question involved.*

15. The appellate court will not consider a question not suggested in the statement of questions involved.

Argued March 14, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.

Appeals, Nos. 49 and 50, March T., 1927, by Austin L. Tweedle et al., from decree of O C. Venango Co., April T., 1925, No. 97, for respondent, Florence E. Austin, and from judgment of C. P. Venango Co., April T., 1926, No. 51, on verdict for respondent in estate of Joseph W. Leadenham, deceased. Affirmed.

Petition for order on executors to file supplementary inventory.

Issue certified to the common pleas. Before PARKER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for respondent in the common pleas.

Decree dismissing petition in the orphans' court, by CRISWELL, P. J. Petitioners appealed.

*Errors assigned* were, among others, decree of orphans' court dismissing petition and order of common pleas refusing judgment for petitioners n. o. v., quoting record.

*William R. Crawford, Jr.,* with him *George S. Criswell, Jr.,* for appellants.—In the light of all the evidence, respondent failed to prove the gift to herself of the stocks in question: Sullivan v. Hess, 241 Pa. 407; Maxler v. Hawk, 233 Pa. 316; Smith's Est., 237 Pa. 115; Scott v. Reed, 153 Pa. 14; Gerofsky's Est., 25 Pa. Dist. R. 472.

A proponent of a gift has the burden of proving every fact essential to the validity of such gift: Maxler v. Hawk, 233 Pa. 316; Turner's Est., 244 Pa. 568; Bergner's Est., 244 Pa. 526; Cumming's Est., 153 Pa. 397.

Respondent having failed to establish a gift to herself of part of the contents of said safe deposit box, her claim to the remainder falls.

*Alexander B. Jobson,* with him *Edmond C. Breene,* for appellee.—Under all the evidence in this case and the law applicable thereto the court was justified in refusing plaintiffs' point for binding instructions and their motion for judgment non obstante veredicto: Leitch v. Bank, 234 Pa. 557; Herr's App., 5 W. & S. 494; Yeager's Est., 273 Pa. 359; Lavelle v. Melley, 27 Pa. Superior Ct. 69.

OPINION BY MR. JUSTICE WALLING, April 11, 1927:

On July 11, 1924, Dr. Joseph W. Leadenham, of Franklin, died testate. The Franklin Trust Company

and Florence E. Austin were appointed and qualified as his executors and filed an inventory and appraisement, which omitted a large amount of corporate stock represented by certificates contained in box 59 of the trust company's vaults. Dr. Leadenham's wife predeceased him by several years and he left no lineal descendant, but sisters and children of deceased brothers and sisters. The will gives his residuary estate to his executors in trust to divide the income annually among his sisters and the children of those who were deceased, and on the death of the last surviving sister, to divide the principal equally among his nephews and nieces then living. Mrs. Austin, his sister and executrix, claimed the contents of box 59 as a gift inter vivos from Dr. Leadenham. This claim was resisted by other legatees, who petitioned the orphans' court for an order on the executors to file a supplemental inventory embracing the same. Answers were filed and testimony taken. A disputed question of fact appearing, the request for an issue to the Court of Common Pleas was granted. As framed, the question tried was, in effect, Were the stock certificates found in box 59 the property of Dr. Leadenham at the time of his death? After a protracted trial, the jury answered this question in the negative, which sustained the gift as claimed by Mrs. Austin. Judgment having been entered on the verdict, the record was returned to the orphans' court where a final decree was entered, inter alia, refusing the petition for a supplemental inventory. From which and from the entry of final judgment in the court of common pleas petitioners brought these appeals, both properly brought (Cross's Est., 278 Pa. 170; Cutler's Est., 225 Pa. 167), and they will be considered together.

A careful examination of the entire record discloses no sufficient ground for reversal. We are mindful of the rule that the claim of a gift inter vivos against the estate of the dead must be supported by clear and convincing evidence. As stated by the present Chief Justice,

speaking for the court, in Turner's Estate, 244 Pa. 568, 572: "After the death of an alleged donor the evidence of a gift inter vivos must be clear and satisfactory, that it must disclose an unmistakable intention on the part of the donor at the time to withdraw or surrender his dominion over the subject of the gift, that it must show unequivocally an intention to invest the donee with the right of disposition beyond the recall of the donor, that the gift must be completed by actual or constructive delivery beyond the power of revocation, that the intention of the donor must be made manifest and established by clear and precise evidence, and the delivery of the subject of the gift must be as complete as the circumstances permit." The requisites of a valid gift inter vivos are also clearly stated and many pertinent authorities cited in the opinion of this court by Mr. Justice SADLER, in Kaufman's Estate, 281 Pa. 519; see also Sullivan v. Hess, 241 Pa. 407; Smith's Estate, 237 Pa. 115; Maxler v. Hawk, 233 Pa. 316. As to when such evidence is sufficient, see Wise's Estate, 182 Pa. 168. The gift was sustained in Leitch v. Diamond Nat. Bank, 234 Pa. 557, a case on its facts very similar to the one at bar, as is Gilkinson v. Third Ave. R. Co., 63 N. Y. Supplement 792. As above shown, the gift must be complete and accompanied or followed by a delivery of possession to the donee, so as to place the property beyond the control of the donor: Yeager's Estate, 273 Pa. 359; Cooper's Estate, 263 Pa. 37. That a donor takes the securities from his private box and places them in a separate box to which he gives a key to the donee is a circumstance favorable to the contention of a gift: Yeager's Estate, supra, and see Packer et al., Exrs., v. Clawson, 269 Pa. 1.

While the change of possession may be either actual or constructive, it must be such as is consistent with the nature of the property and the situation of the parties. See Sherman v. Stoner, 78 Pa. Superior Ct. 189. A present gift of the contents of a box in a bank

vault, accompanied by a transfer of the key thereto is, however, valid as a symbolical delivery. See Harrison et al. v. Foley, 206 Fed. 57; Debinson v. Emmons, 33 N. E. (Mass.) 706; Thomas' Admr. v. Lewis et al., 15 S. E. (Va.) 389; Herrick v. Dennett, 89 N. E. (Mass.) 141. Less proof of a gift to a near relative is required than of one to a stranger: Yeager's Estate, supra. And that is especially true where, as here, the donee was as near as any other relative by blood and nearer by close personal friendship. While to complete the gift the property must pass beyond recall and beyond the rightful control of the donor, it is not necessarily defeated by the fact of his retention of access thereto as agent for the donee; for example, the retention of a key to the box so he may assist the donee in caring for the property: Gilkinson v. Third Ave. R. Co., supra, and see Connell's Estate, 282 Pa. 555. In the instant case, however, the evidence for appellee justified a finding that the donor had given her possession of both keys and sole access to the box sometime prior to his death. Furthermore, the declarations of the donor are competent to prove both the gift and the delivery. See Leitch v. Diamond Nat. Bank, supra; Smith's Estate, supra.

In view of the verdict, we must assume the facts favorable to the respondent, Mrs. Austin, so far as the proof justifies. She and her brother, Dr. Leadenham, were near the same age and ever devoted friends. She had assisted him financially in securing his medical education. Although she resided in or near New York, they frequently exchanged visits. He was in poor health and after the death of his wife (about 1917) Mrs. Austin was often sent for by him and spent much time at his home; she and her daughter usually being there at Christmas, at Easter and in the summer.

At his death and for many years prior thereto, the doctor had box 109 in the same vault, where he kept his valuable papers, and, on November 8, 1922, he vis-

ited the bank and rented the box here in question, naming Mrs. Austin as one having a right to enter it. He thereupon took a substantial number of stock certificates from his other box, endorsed them in blank, where not already done, said to the one who witnessed the endorsement that they were for Mrs. Austin, and placed them in box 59, at the same time expressing pleasure in being able to do that for her. A few weeks later, on her visit to Franklin, he explained what he had done for her and gave her a key to the box. He also took her to the bank and introduced her to the one in charge of the vault. He retained one key for the purpose of clipping coupons, etc., and reinvesting them for her. And when the Ohio Fuel Supply Company, a large block of whose stock the deceased had placed in box 59, issued a one hundred per cent stock dividend, in 1923, he endorsed the certificates therefor in blank and placed them in that box. In May 1924, Dr. Leadenham realizing his failing strength, took the key he had retained of box 59 off his key ring and handed it to Mrs. Austin, saying, in effect, that she must thenceforth take sole charge of that box, the contents of which he had given her. In fact he only opened box 59 three times in all and never after he gave her the second key.

At least seven well-known residents of Franklin, friends of the doctor, testified to conversations in which he said, in effect, that he had given Mrs. Austin the stock certificates and placed them in a box in the Franklin Trust Company's vault, which he had rented for her. In view of the evidence to which we have in part referred, the question of the gift of the stock found in box 59 was for the jury.

The petitioners, plaintiffs in the issue, submitted testimony in rebuttal tending to show the placing of securities in box 59 was an effort on the doctor's part to avoid the transfer inheritance taxes, without any intention of parting with his title to the property. They also submitted evidence of oral and written statements

of Mrs. Austin, made shortly after his death, at variance
with the claim of ownership she later asserted, and an
affidavit made by her daughter inconsistent with the
latter's testimony given at the trial. These and other
circumstances, might have justified a different verdict,
but, as above stated, the case was for the jury. See
Jacques v. Fourthman, 137 Pa. 428; Lavell v. Melley,
27 Pa. Superior Ct. 69.

In view of the very earnest complaint of the charge
of the trial judge, we have examined it with great care,
but are not satisfied that it was biased or argumentative.
That he emphasized the necessity of a delivery to com-
plete the gift could not have prejudiced appellants.
While the charge correctly stated the law and the con-
tentions of the respective parties, the trial judge failed
to refer specifically to the testimony of two important
witnesses for the plaintiffs. This was doubtless an
oversight which he would gladly have corrected had
his attention been called to it, but it was not and only
a general exception was taken to the charge. Such an
omission affords no ground for a new trial, where counsel
fail to call the trial court's attention thereto; for if
special reference to certain items of evidence is desired,
counsel should call the court's attention thereto at the
conclusion of the charge that an opportunity may be
given to supply the omission. See Lieberman et al. v.
Colahan, 267 Pa. 102; Com. v. Delfino, 259 Pa. 272,
280; Lerch v. Hershey Transit Co., 255 Pa. 190; Foley
v. Phila. R. T. Co., 240 Pa. 169; Reznor Mfg. Co. v. B.
& L. E. R. R., 233 Pa. 369; Com. v. Razmus, 210 Pa. 609.

There was found in box 59 certificates for a small
amount of stock in an envelope on which decedent had
written the name of a nephew, and also certificates for
a small amount of stock in another envelope on which
he had written the name of a niece. This stock was
also endorsed in blank, but there was no explanatory
evidence relating thereto. The trial court gave the jury
an opportunity to find specially as to that stock, but

they did not. It was part of the contents of the box and if not vested in the nephew and niece would pass to respondent under the finding that the contents of the box was hers. In any event, it is difficult to see how it could be a part of the doctor's estate if the balance of the contents was not. The trial court properly charged that the claim of Mrs. Austin to the contents of the box would not be entirely defeated even if by reason of special earmarking the title to the stock in the envelopes did not vest in her, but, as the jury found it did, the question is immaterial. Furthermore, if the alleged gift of the stock to the nephew and niece failed for lack of proof, then it was as much the subject of a gift to the respondent as other stock placed in the box. In other words, until the owner has made a valid gift of property to one, he can give it to another.

Complaint is made as to the restricted cross-examination allowed one of respondent's witnesses, and of the rejection of the offer to prove how the doctor had handled securities for another relative; also as to the manner in which the orphans' court disposed of the costs; but, as none of these is suggested in the statement of questions involved they will not be considered. See First Natl. Bank of N. J. v. Cattie Bros., 285 Pa. 202; Furman v. Broscious, 268 Pa. 119, 120; Duncan v. Duncan, 265 Pa. 471; Smith v. Lehigh Valley R. R. Co., 232 Pa. 456; Willock v. Beaver Valley R. R. Co., 229 Pa. 526, and many other cases. We might add, however, that none of the criticisms just mentioned has substantial merit.

The judgment of the court of common pleas is affirmed and the final decree entered in the orphans' court is also affirmed at the costs of appellants.