## Weber v. Stroudsburg Security Trust Co.

*J. Joseph McCluskey* and *Edmund P. Turtzo*, for petitioner.

*Christie D. Shull*, for respondent.

DAVIS, P. J., April 13, 1959.—This matter is before the court on preliminary objections to a citation directed to the Stroudsburg Security Trust Company as executor and trustee of the last will of William A. Weber, deceased, to show cause why it should not, through its trust officer, endorse all of the stock certificates existing in the name of William A. Weber at the time of his decease, namely, December 19, 1956, as well as any other act to have said stock certificates surrendered unto your petitioner, as well as have the

same registered on the books of said banking institution in the name of Walter A. Weber, pursuant to a petition filed by Walter A. Weber alleging that his father, decedent, made a gift of the stock to him a short time before his death.

Counsel for respondent in his brief states the position of respondent as follows:

"What specifically alarms us is the number and variety of interests which are precluded from ever having their day in court if petitioner is correct in his contention that an issue of title between the estate of the decedent and a living person can be tried out on a Petition and Rule in which the only parties are the executor of the will of the decedent and the claimant of title to the property. These corporate shares are registered in the name of the decedent. We do not view the duties of an executor to be a protagonist for or against any particular interested party sharing in a decedent's estate, whether as creditor, life tenant, legatee, remainderman or what have you. The petitioner in the present Rule before the Court is one of a number of parties named in the will of the decedent. These stocks, registered in the name of the decedent, which petitioner claims as an inter vivos gift, comprise a large portion of the total of the decedent's estate. The mere statement of the facts creates an issue with regard to the title of these shares of stock concerning which, we submit, all possible parties in interest have a right to be heard."

It is a fundamental concept of the law that every person has the right to appear and be heard when his rights or his property may be affected. In Rogers Estate, 379 Pa. 494, 495, the court, on exceptions to the inventory and appraisement alleging that certain assets of decedent had not been included in the inventory, framed an issue and had the question determined by a jury. The Supreme Court reversed, saying:

"The question of ownership is of interest to creditors, federal and state taxing authorities, and others. Such title, therefore, should not be finally determined until after an audit, with due statutory notice, and the determination by the orphans' court whether or not a substantial issue of fact exists. It is true that in Leadenham's Estate, 289 Pa. 216, 137 A. 247, a citation on the fiduciary to file a supplemental inventory embracing the disputed property was impliedly approved as a procedure for determining the question of title. Nonetheless, the proper procedure is as we have hereinabove indicated and is, therefore, to be followed."

In Higbee v. Koziol, 383 Pa. 116, the lower court submitted a question as to whether or not certain property belonged to the estate to a jury prior to the filing of an account and audit. The appellate court said: "There has been a patent error in procedure," and cited Rogers Estate, supra. The court commented further as follows:

"But since a jury has determined that the property in dispute belongs to the estate of decedent, this procedural error has resulted in no harm. Had the verdict been in favor of the appellant and against the estate, a new trial would have been necessary since decedent's creditors, federal and state tax authorities, and perhaps others, had no opportunity to appear and be heard."

In the light of the decisions herein referred to it clearly appears that the citation must be dismissed.

### Order

And now, April 13, 1959, preliminary objections nos. 1 and 3 are sustained, no. 2 having been withdrawn, and the citation awarded to respondent on December 11, 1958, is hereby dismissed without prejudice.